UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HCONTROL HOLDINGS, LLC,**

    **Plaintiff,**

v.                                                                    Case No.: 8:13-cv-39-T-AAS

**BRIGHT HOUSE NETWORKS, LLC,**

    **Defendant.**

_____/

## ORDER

This matter comes before the Court on Defendant Bright House Networks, LLC's Motion for Award of Attorneys' Fees and Costs (Doc. 79), Plaintiff HControl Holdings, LLC's Memorandum in Opposition to Bright House Network's Motion for Attorneys' Fees and Costs (Doc. 84), and Defendant Bright House Networks, LLC's Reply to Plaintiff's Response to Defendant's Motion For Award of Attorneys' Fees and Costs (Doc. 87).

**I.    BACKGROUND**

On November 29, 2012, Plaintiff HControl Holdings, LLC ("Plaintiff") filed this action against Defendant Bright House Networks, LLC ("Defendant") for tortious interference with an advantageous business relationship, and Defendant removed this action (hereinafter the "federal action") to this Court on January 3, 2013. (Docs. 1, 2). In the complaint, Plaintiff alleged that Defendant provided competing cable television, telephone, and high-speed internet services to Little Harbor Community, in violation of Plaintiff's exclusive rights to provide such services, pursuant to the 2009 Telecommunication Service and Access Agreement ("2009 Agreement") entered between Plaintiff and the Little Harbor Property Owners Association ("LHPO").

On October 16, 2014, four days before trial, Plaintiff filed an Opposed Motion for Leave

to File Voluntary Dismissal without Prejudice. (Doc. 74). That same day, and after a hearing on the matter, the Court conditionally granted Plaintiff's Opposed Motion for Leave to File Voluntary Dismissal without Prejudice, with the condition that "should Plaintiff file a later action based on or including the same claim against Defendant Bright Horizon Networks," Plaintiff would be required to "pay Defendant's reasonable attorneys' fees and costs associated with this action, pursuant to Rule 41(d)" of the Federal Rules of Civil Procedure ("2014 Court Order"). (Docs. 77, 78).

Less than two months later, on December 8, 2014, Plaintiff filed a separate lawsuit in Florida state court against LHPO for breach of contract, declaratory judgment, and a preliminary and permanent injunction, based on the alleged violation of the 2009 Agreement (hereinafter the "state action"). (Doc. 79, Ex. B). On May 10, 2016, Plaintiff moved to amend the complaint in the state action to add Carter Hospitality Group, Inc. ("Carter") and Defendant, Bright House Networks, LLC, as indispensable parties. (Doc. 79, Ex. C). In addition, Plaintiff sought to include a count of civil conspiracy against LHPO, Carter, and Defendant, and two counts of tortious interference with an advantageous business relationship and tortious interference with a contractual relationship against Defendant. (Doc. 79, Ex. F). In short, the amended complaint included six counts, two of which were repetitive of this federal action and directed against Defendant only. On May 17, 2016, the Florida Circuit Court granted Plaintiff's motion to amend its complaint. (Doc. 79, Ex. E). Subsequently, Defendant filed its Motion to Transfer Venue, which was granted. (Doc. 79, Ex. G). On September 1, 2016, Plaintiff filed its Notice of Dropping Defendant Parties, seeking voluntary dismissal of Carter and Defendant. (Doc. 79, Ex. H).

On October 7, 2016, Defendant filed the instant Motion for Award of Attorneys' Fees and Costs ("Motion for Fees and Costs"). (Doc. 79). Specifically, Defendant claims that by filing the

state action and adding Defendant as an indispensable party, Plaintiff violated the terms of the 2014 Court Order. (Doc. 79, Ex. C). On October 31, 2016, Plaintiff filed its response in opposition to Defendant's Motion for Fees and Costs. (Doc. 84). On November 14, 2016, after being granted leave to do so, Defendant filed a reply to Plaintiff's response. (Docs. 86, 87). Accordingly, this matter is ripe for judicial review.

## II. ANALYSIS

Defendant contends that Plaintiff violated the terms of the 2014 Court Order, and that Defendant is, therefore, entitled to an award of attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 41(d). (Docs. 79, 87). Rule 41(d) of the Federal Rules of Civil Procedure states:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d). The purpose of Rule 41(d) is to deter plaintiffs from "wasting litigant expenses and judicial resources,'" *Groom v. Bank of Am.*, No. 8:08-CV-2567-T-27EAJ, 2010 WL 627564, at *1 (M.D. Fla. Feb. 23, 2010) (citation omitted), and from engaging in "forum shopping and vexatious litigation." *Id.* at *7.

Plaintiff does not dispute that the federal and state actions arose from same claims against Defendant, and does not dispute the condition contained in the 2014 Court Order. Instead, Plaintiff raises the following arguments: (1) the Court lacks jurisdiction to decide this matter; (2) the issue of attorneys' fees and costs is moot; and (3) considering the merits of the motion, Defendant has not suffered any prejudice and there is no evidence of vexation or forum shopping in this case. (Doc. 84). The Court will address each argument in turn.

A.

First, Plaintiff argues that this Court lacks jurisdiction to consider the Motion for Fees and Costs because the application of Federal Rule of Civil Procedure 41(d) is limited to cases refiled in or properly removed to a federal court.[1]  (Doc. 84, pp. 5-7).  In other words, Plaintiff advances the position that this Court only has jurisdiction over a motion pursuant to Rule 41(d) when the Court has original or concurrent jurisdiction over the refiled litigation. (*Id.*).  The Court disagrees.

District courts retain ancillary jurisdiction to decide issues related to the enforcement of their orders, including the imposition of costs and attorneys' fees.  *See Natl. Mar. Services, Inc. v. Straub*, 776 F.3d 783, 786 (11th Cir. 2015) ("Ancillary jurisdiction exists . . . to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.").  In addition, federal courts in Florida have interpreted Rule 41(d) as applying when cases are refiled either in federal or state courts.  *See Russell-Brown v. Jerry, II*, 270 F.R.D. 654, 660 (N.D. Fla. 2010) ("the express language of Rule 41(d) applies to a plaintiff who previously dismissed a case 'in any court,' not necessarily a case refiled in the same venue"); *see also Bagley v. Tucker*, No. 4:12CV611-WS/CAS, 2013 WL 1912580, at *1 (N.D. Fla. Feb. 25, 2013).  Thus, in deciding whether attorneys' fees and costs should be awarded pursuant to Rule 41(d), this court relies both on the jurisdiction of the court to enforce a conditional dismissal, *Natl. Mar. Services,*

---

[1] In support of its position, Plaintiff cites *Collier v. National Penn Bank*, No.12-3881, 2013 WL 7157976, *1 (E.D. Pa. Apr. 1, 2013).  According to that Pennsylvania federal court, "a federal court is only authorized to award Rule 41(d) costs where the second action is either directly filed in federal court, . . . or is properly removed to federal court after the plaintiff's failed attempt at forum shopping" (citations omitted).  *Id.* at *1.  The court concluded that because the plaintiff did not file the second suit in federal court and the removal to federal court was not proper, it lack lacked jurisdiction to impose costs. *Id.* at *2.  As an initial matter, the Court is not bound by the decision of another district court.  Additionally, this case is distinguishable because, here, the Court maintained ancillary jurisdiction pursuant to the 2014 Court Order.

*Inc.*, 776 F.3d at 786, and the express language of the Rule 41(d), *Russell-Brown,* 270 F.R.D. at 660.

B.

Second, Plaintiff claims that, by dropping Defendant as a party to the state action, the issue of awarding attorneys' fees and costs is moot.  (Doc. 84, pp. 5-7).  In support of this claim, Plaintiff cites *McRae v. Rollins Coll.*, No. 605CV1767ORL22KRS, 2006 WL 1320153, at *1 (M.D. Fla. May 15, 2006).  In *McRae*, the plaintiff filed an action based on Title VII and the Florida Civil Rights Act in federal court, voluntarily dismissed that action, and then filed the same claim in state court against the same defendant.  *Id*.  Thereafter, the defendant moved under Federal Rule of Civil Procedure 41(d) for an order requiring that the plaintiff pay its attorneys' fees and costs associated with responding to the original federal action.  *Id.*  In his response to the motion, the plaintiff stated that the Title VII claim was inadvertently filed in state court, and that he was only pursuing a state law defamation claim.  *Id.*  Based on this response, the Court entered an order dismissing the plaintiff's Title VII claim and remanding to state court the claims under the Florida Civil Rights Act.  *Id.*  Because the Court dismissed the federal claim, the issue of attorneys' fees and costs was rendered moot.  *Id.* at *2.  That is not the case here.

While the award of attorneys' fees and costs is a discretionary decision of the courts, *Bagley*, 2013 WL 1912580, at *2, a court will normally grant a motion for attorneys' fees and costs in cases "where the parties have entered into a stipulation of dismissal in the previous case that authorizes Defendant to file a motion for costs under Rule 41(d) in the event the plaintiff . . . refiles an action on the same claim."  *Wishneski v. Old Republic Ins. Co.*, No. 5:06-CV-148-OC-10GRJ, 2006 WL 4764424, at *2 (M.D. Fla. Oct. 10, 2006).  Unlike the defendant in *McRae*, Defendant here is seeking the enforcement of the condition set in the 2014 Court Order.  In the refiled state

action, Plaintiff joined Defendant as an "indispensable party" and asserted the same claims against Defendant as Plaintiff asserted against Defendant in this federal action. The refiling of Plaintiff's previously dismissed claims against Defendant triggered this Court's ancillary jurisdiction to enforce its 2014 Court Order.

The fact that Defendant, through the unilateral actions of Plaintiff, is no longer a party to the state action does not moot the issue of awarding attorneys' fees and costs pursuant to the condition set in the 2014 Court Order. Accordingly, Plaintiff's argument that an award of attorneys' fees and costs is moot is without merit.

C.

Finally, Plaintiff claims that the award of attorneys' fees and costs is not appropriate in this case because Defendant was not prejudiced by the refiled state action and because there is no evidence of vexation or forum shopping in this case. (Doc. 84, pp. 7-10). These arguments are not persuasive.

First, by accepting the condition in the 2014 Court Order, Plaintiff implicitly recognized that refiling the same voluntarily dismissed claims against Defendant would be prejudicial to Defendant. Second, a showing of bad faith is not necessary to recover attorneys' fees and costs under the Rule 41(d). *Groom,* 2010 WL 627524, at *5. However, even if a showing of bad faith was necessary, Plaintiff's conduct, specifically joining Defendant as an indispensable party to the refiled state action but then immediately attempting again to dismiss Defendant after the state court granted Defendant's motion to transfer, over Plaintiff's objection, indicates possible forum shopping and vexatious litigation. As stated by the court in *Groom,* "[a] plaintiff who chooses to dismiss then re-file an action against a defendant, should expect and accept the consequences of such decision." *Id.* at *2. In this case, the consequences of Plaintiff's actions are the imposition

of attorneys' fees and costs in conformity with the condition of the 2014 Court Order.

### III.  CONCLUSION

Accordingly, and upon consideration, it is **ORDERED** that:

**(1)**  Defendant Bright House Networks, LLC's Motion for Award of Attorneys' Fees and Costs (Doc. 79) is **GRANTED.**

**(2)**  Within **fourteen (14) days** of this Order, the parties shall confer in a good faith effort to stipulate to the reasonable attorneys' fees and costs incurred by Defendant in this federal action.

**(3)**  If the parties are unable to stipulate to the reasonable attorneys' fees and costs incurred by Defendant, then, within **twenty-one (21) days** of this Order, Defendants may file a motion for attorneys' fees and cost. The motion shall include affidavits and supporting materials verifying the reasonable fees and costs incurred in this federal action.

**DONE AND ORDERED** in Tampa, Florida this 15th day of February, 2017.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge